Antonio R. Santos, Plaintiff and Appellant, v. Pascual Torres, Defendant and appellee.

No. 9311.   Argued June 12, 1946.—Decided July 22, 1946.

Antonio L. López for appellant.   The appellee did not appear.

Mr. Chief Justice Travieso delivered the opinion of the court.

Antonio R. Santos brought an action of unlawful detainer at sufferance and alleged that he was the owner in fee of a rural property the title to which was recorded in the Registry of Property of Bayamón; and that the defendant, without paying any rent or charge whatsoever, had been withholding the material possession of the property since November 1, 1944. The defendant answered denying the facts alleged in the complaint and setting up the insufficiency thereof. As new matter, he alleged that on April 1, 1942, the property described in the complaint was leased to him by its owner, Celestina Silva, for a term of five years and at an annual rent of $70, payable at the end of each yearly period; that the term of the lease had not expired and that the lessor had promised to grant him an extension of six months for gathering the fruits in case a new lease were not made; that the defendant built two houses and cultivated the property and that the two houses and the plantations were valued at $2,000; that even though the defendant was a possessor in good faith by virtue of the lease contract, the plaintiff had not entered into any arrangements with the defendant for the assessment and payment of the houses and plantations.

On October 26, 1945, the District Court of Bayamón rendered judgment for the plaintiff. The defendant then moved for a reconsideration, which was granted, and a rehearing was held on November 30, 1945. On December 11, 1945, the court *a quo* rendered judgment for the defendant and the plaintiff thereupon appealed.

The plaintiff urges that the lower court erred (1) in finding that the defendant had two houses in the property involved in the action, and (2) in applying to the present case the doctrine laid down by this court in *Reyes* v. *Vázquez,* 58 P.R.R. 786; *Aybar* v. *Jiménez,* 60 P.R.R. 729; *People* v. *Carrasquillo,* 58 P.R.R. 176; *Palermo* v. *District Court,* 58 P.R.R. 191; *Carrasquillo* v. *Ripoll,* 56 P.R.R. 301; and *Colón* v. *Rotary Club of Arecibo,* 60 P.R.R. 734.

■ The evidence introduced by the defendant, to which the trial court accorded full credit, shows that the defendant took possession of the property in April 1942, by virtue of a contract of lease entered into with the former owner of the property; that in 1943 the defendant built two zinc-roofed frame houses, one to be used as a dwelling by his family and the other to be occupied by a subtenant; that the former owner of the property made no objection to the building of the two houses; and that in the property there were sweet potatoes, bananas, yams, and other crops planted by and belonging to the defendant. The first error assigned is non-existent.

■■ There is no doubt that when the plaintiff purchased the property he thereby acquired the right to terminate the existing lease, as the latter was not recorded in the registry of property; and that the defendant is entitled to demand that he be permitted to gather the fruits of the crop corresponding to the current year and to recover from the vendor any damages he may have suffered. Sections 1439 and 1461 of the Civil Code (1930 ed.). The defendant lesse is entitled to remove any improvements, useful or recreative, which he may have made on the property during the existence of the lease; but he has no right to be indemnified therefor. Section 416 of the Civil Code. Under the above-mentioned legal provisions, if the contract of lease entered into between the former owner Celestina Silva and the defendant had continued in force until the expiration of the 5-year term, the defendant would not have been entitled to recover from that owner the value of the houses built by him. Why should he have a right to be indemnified therefor by the new owner of the property, who did not even know that the houses belonged to the lessee?

The cases on which the lower court relied to dismiss the complaint are not applicable to the facts of the present case. If the facts involved in the cases cited by the trial court are examined it will be seen that all those cases deal with the

erection of buildings on another's land with the consent of the owner of the land and without limiting the time during which the land in question could be used. In the case at bar the defendant leased the property for a term of five years, and he knew that upon the expiration of said term he would be entitled to remove any improvements, useful or recreative, made by him on the property during the term of the lease; but he would have no right to recover the value of the improvements.

The judgment appealed from should be reversed and another rendered instead in favor of the plaintiff, with costs against the defendant.